UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CO MEYERS, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CO LUCERO, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UM KLIMEK, EAST CRAWFORD UNIT MANAGER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LT. DYKSTRA, OFFICER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN MAIL ROOM OFFICER(S), CORRECTIONAL OFFIER(S) AT MIKE DURFEE STATE PRISON, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN BRENT FLUKE, WARDEN AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UC KELLY TJEERDSMA, EAST CRAWFORD UNIT COORDINATOR/OFFICER AT MIKE DURFEE STATE PRISON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; CO LIVINGSTON, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DEPUTY WARDEN SCHIEFFER, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN ROBERT DOOLEY, WARDEN AT MIKE DURFEE STATE PRISON IN HIS | 4:20-CV-04078-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY AN INITIAL PARTIAL FILING FEE |

| INDIVIDUAL AND OFFICIAL CAPACITY; UNKOWN PROPERTY OFFICER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY; SD BOARD OF PARDONS AND PAROLEES, CORRECTIONAL OFFICER(S)/SOUTH DAKOTA BOARD MEMBER(S) AT SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN DARIN YOUNG, WARDEN AT THE &AMP;QUOT;HILL&AMP;QUOT; AND/OR SIOUX FALLS PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LISA ROTHSCHADL, COUNTY ATTORNEY AT BON HOMME COUNTY, SD, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; MARK PAYER, JAIL ADMINISTRATOR/OFFICER AT YANKTON COUNTY JAIL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; GLEN ENG, JUDGE AT BON HOMME COUNTY COURTHOUSE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND KELLY YOUNG, POLICE OFFICER AT TYNDALL POLICE DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | |
|---|---|

Plaintiff Travis R. McPeek filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. McPeek filed an application to proceed without prepayment of filing fees and has provided the Court with his prisoner trust account. Docs. 2, 3.

I.     **Motion to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the

inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)   the average monthly deposits to the prisoner's account; or
(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

McPeek has reported an average monthly balance for the past six months to his prisoner trust account of $25.41, and average monthly deposits of $160.75. Doc. 3. Based on this information, the court grants McPeek leave to proceed in forma pauperis, but he must pay an initial partial filing fee of $32.15 (20 percent of his average monthly deposits). McPeek must pay the initial partial filing fee of **$32.15 by June 29, 2020.** Failure to pay the filing fee by June 29, 2020, will result in dismissal without prejudice of McPeek's complaint.

In order to pay his filing fee, McPeek must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at McPeek's institution.

McPeek remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

II.    Order

Therefore, it is hereby

ORDERED that McPeek's motion to proceed in forma pauperis, Doc. 2, is granted. McPeek will make a payment of **$32.15 by June 29, 2020**, made payable to the Clerk, U.S. District Court. If McPeek does not pay the initial partial filing fee by June 29, 2020, his complaint will be dismissed without prejudice. The Court will conduct a 28 U.S.C. § 1915A screening after McPeek pays his initial partial filing fee. It is finally

ORDERED that the institution having custody of McPeek is directed that whenever the amount in McPeek's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the McPeek's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

DATED May 29th, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE