UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK, | 4:20-CV-04078-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER GRANTING PAYER'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT |
| CO MEYERS, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CO LUCERO, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UM KLIMEK, EAST CRAWFORD UNIT MANAGER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LT. DYKSTRA, OFFICER AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN MAIL ROOM OFFICER(S), CORRECTIONAL OFFIER(S) AT MIKE DURFEE STATE PRISON, IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN BRENT FLUKE, WARDEN AT MIKE DURFEE STATE PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; WARDEN DARIN YOUNG, WARDEN AT THE HILL; AND/OR SIOUX FALLS PRISON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARK PAYER, JAIL ADMINISTRATOR/OFFICER AT YANKTON COUNTY JAIL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | |
| Defendants. | |

Plaintiff Travis R. McPeek filed a pro se civil rights lawsuit under 42 U.S.C. § 1983, naming among the defendants Mark Payer as Yankton County Jail Administrator. Doc. 1. McPeek

1

moved for entry of default against Defendant Payer on December 11, 2020. Doc. 20. The Clerk

of Court (the Clerk) entered default against Payer on December 14, 2020. Doc. 25. McPeek did

not move for an entry of default judgment from this Court as would be necessary under Federal

Rule of Civil Procedure 55(b)(2). Now, Payer moves to set aside the default. Doc. 42. McPeek

opposes the motion. Doc. 49.

"The court may set aside an entry of default for good cause, and it may set aside a final

default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Payer brings his motion under Federal

Rule of Civil Procedure 60(b)(1), (4)–(6). Doc. 42 at 1–2. Under Rule 60(b), a district court may

grant relief from a final judgment. Fed. R. Civ. P. 60(b). Because McPeek has not moved for

judgment and judgment has not been entered, this Court will analyze whether the Clerk's entry of

default should be set aside under Rule 55(c), which is the applicable rule under these

circumstances.

Under Rule 55(c), a district court should consider "whether the conduct of the defaulting

party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and

whether the other party would be prejudiced if the default were excused." Johnson v. Dayton Elec.

Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). A defaulting party is considered blameworthy or

culpable if the default was the result of "contumacious or intentional delay or disregard for

deadlines and procedural rules." Id. at 784. A "marginal failure" to meet pleading or other

deadlines, on the other hand, will be excused, especially when there are meritorious defenses and

an absence of prejudice. Id. The Eighth Circuit has found that mistakes such as faulty record-

keeping, forwarding the complaint to the incorrect person, and poor communication do not amount

to blameworthy or culpable behavior. See Union Pac. R. Co. v. Progress Rail Servs. Corp., 256

F.3d 781, 782 (8th Cir. 2001) (setting aside default judgment when default was due to faulty

2

record-keeping); U.S. ex rel. Shaver v. Lucas W. Corp., 237 F.3d 932, 933 (8th Cir. 2001) (setting aside entry of default when complaint was accidentally delivered to the incorrect person); Johnson, 140 F.3d at 784 (setting aside entry of default when default was attributable to poor communication).

Here, Payer claims that after service was executed, "Payer or Yankton County Sheriff James Vlahakis delivered the papers to the office of the State's Attorney. From there, no one can explain what happened to them . . . . The suit papers were simply misplaced or lost, through no action or inaction of Payer." Doc. 47 at 7. Payer claims that he, as the Yankton County Jail Administrator, believed the Yankton County Attorney's Office was handling the matter. Doc. 43 at 2. McPeek counters that the reasons set forth by Payer are "not very good excuses" and the documents "should have been treated with more importance and respect." Doc. 49 at ¶ 1. Payer's default was caused by poor communication and poor organization. Because Payer reasonably believed that the Yankton County Attorney's Office was handling the case, Payer himself does not appear to be particularly blameworthy or culpable.

Next, this Court considers whether Payer has a meritorious defense. Johnson, 140 F.3d at 784. "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson v. El-Batrawi, 524 F.3d 907, 914 (8th Cir. 2008) (cleaned up and citation omitted)). Payer raises several defenses—settlement, release, and accord and satisfaction—that appear to have considerable merit. Doc. 47 at 9–10. McPeek argues against these defenses. Doc. 49. This factor weighs in favor of granting Payer relief from the Clerk's entry of default.

Finally, if the Court sets aside the Clerk's entry of default, there is no significant prejudice to McPeek. See Johnson, 140 F.3d at 784. The Eighth Circuit stated that "[s]etting aside a default

must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id. at 785 (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)). McPeek does not argue that prejudice would result from granting Payer relief from the Clerk's entry of default, and this case remains in its early stages. See Doc. 49. Thus, this factor, like the others, weighs in favor of granting Payer relief from the Clerk's entry of default.

Accordingly, it is

ORDERED that Payer's motion to set aside default judgment, Doc. 42, is granted. It is finally

ORDERED that Payer's answer must be filed within 21 days of entry of this order.

DATED June 8ᵗʰ, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4